**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50362 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00826-BEN |
| v. | |
| JESUS RAMON BERRELLEZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Jesus Ramon Berrelleza appeals from the district court's judgment and

challenges the 183-month sentence imposed following his guilty-plea conviction

for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.

We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

resentencing.

Berrelleza argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Berrelleza was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Berrelleza's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at

523-24.

Berrelleza's motion for summary reversal is denied as moot.

**VACATED and REMANDED for resentencing.**